NOT FOR PUBLICATION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 05 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
KAREEM S. PERRY,

               Petitioner,

    - against -

ROBERT K. WOODS,

               Respondent.
------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-07-0341 (BMC)

**COGAN**, District Judge.

This is a habeas corpus proceeding in which petitioner, in state custody, seeks restoration of good conduct time that would lead to his immediate release. I find that the claim is unexhausted, procedurally barred, and not brought within the one-year period required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The petition is therefore DISMISSED.

## BACKGROUND

Petitioner's claim is that while in prison for attempted murder and related crimes, a term which began no later than 1993, he entered into an agreement with the New York City Department of Investigation ("DOI") in 2005 to serve as an informant in exchange for a promise that DOI obtain restoration of his good time credit, which would have meant his immediate release. Petitioner alleges that he performed his end of the bargain, giving testimony before a

Grand Jury that resulted in "the arrest and indictment of corrupt officials," but that no action was taken by DOI, and as a result, the State Department of Correctional Services ("DOCS") affirmed the withholding of his good-conduct time on August 23, 2005. He remains in custody.

Petitioner brought two state court proceedings related to the instant habeas case. First, on or about July 12, 2006, he brought an Article 78 (state mandamus/certiorari) proceeding against the three DOI personnel with whom he had dealt (Marguarita Figueroa, Michael L. Caruso, and Michelle Flores) for a judgment "direct[ing] respondents to forward letter for release to the [Time Allowance Committee] and arrange for petitioner's immediate release." On October 16, 2006, the state court dismissed the proceeding on the ground that petitioner had never served his petition on the respondents. The court rejected his claim that his inability to leave his cell made it impossible to serve the petition, and directed him to the court's *pro se* office, providing both an address and phone number, if he wanted to recommence the proceeding.

Instead of recommencing or appealing, petitioner appears to have filed a motion for leave to appeal with the Appellate Division on or about November 14, 2006. The motion was transmitted with a cover letter to "Timothy M. Crowe" at an address of 60 Hudson Street, New York, N.Y. 10013. The letter indicates that petitioner had a personal acquaintance with Mr. Crowe, whoever he is, as it is addressed "Dear Tim" and signed, "Kareem." The letter states "[e]nclosed find a copy of my Notice of Appeal, or rather, Notice for leave to appeal . . . . Leave to appeal is likely to be denied. I'm merely exhausting my state remedies to prepare for the presentation of my habeas corpus in federal court."

The motion, perhaps with Mr. Crowe's assistance, found its way to the Appellate Division, which, on December 26, 2006, denied it as "unnecessary," citing petitioner to N.Y. C.P.L.R. 5701(a)(1). That statute provides: "**Appeals as of Right.** An appeal may be taken to

the appellate division as of right in an action, originating in the supreme court or a county court . . . from any final or interlocutory judgment . . . ." N.Y. C.P.L.R. 5701(a)(1) (2007). In other words, the Appellate Division was telling petitioner that he did not need leave to appeal; he had a right to appeal. What petitioner should have done at that point was simply perfect his appeal by filing the record and brief. He never did. Instead, he claims that he sought leave to appeal to the New York Court of Appeals, but that he never received a response from that Court.[1] Respondent states that he has been unable to find any record of such a request upon inquiry to the Court of Appeals, but in any event, leave could not have been granted because petitioner never perfected his appeal to the Appellate Division, and thus never obtained an Order that could have been appealed to the Court of Appeals.

In addition, on or about August 15, 2006 (about a month after he had commenced his Article 78 proceeding), petitioner also commenced an Article 70 (state habeas corpus) proceeding against the superintendent of his prison, seeking his release on the same grounds. On December 29, 2006, that court dismissed the proceeding, applying the state law rule that "habeas corpus is not a proper vehicle" to challenge the withholding of good conduct time. Although the court noted that it had the discretion to convert the proceeding to an Article 78, which was the proper vehicle, it declined to do so on the ground of futility, because the statute of limitations for petitioner's claim had expired on December 23, 2005, four months after DOCS' decision denying restoration of his good-conduct time. See N.Y. C.P.L.R. 217. Petitioner did not appeal from that judgment.

---

[1] By his letter dated September 24, 2007, petitioner requests this Court to order the Superintendent of Downstate Correctional Facility to locate and forward his property to him, so that petitioner can support his exhaustion claim with proof that he sought leave to appeal to the New York Court of Appeals. This Court does not have the authority to so order the Superintendent. In any event, as discussed herein, proof of petitioner's request would not impact this Decision and Order.

# DISCUSSION

## I. Exhaustion

It is axiomatic "that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). This requirement is codified in 28 U.S.C. § 2254(b) and (c).

To satisfy the exhaustion requirement, a defendant must "fairly present[ ]" that claim to the state courts so that the court has "a fair opportunity to consider the . . . claim and to correct that asserted constitutional defect in respondent's conviction." Picard, 404 U.S. at 275, 276. A petitioner has "fairly presented" his claim only if he has "informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). To inform the state court of the "legal premise" of the claim, a petitioner must apprise the state court that a federal constitutional issue is at stake, either by "(a) reliance on pertinent federal cases employing constitutional analysis; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; or (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." DiSimone v. Phillips, 461 F.3d 181, 190 (2d Cir. 2006) (quoting Daye, 696 F.2d at 194). Exhaustion requires the petitioner to have presented his constitutional claim to the "highest state court from which a decision can be had." Daye, 696 F.2d at 190 n.3.

For a number of reasons, petitioner's Article 78 proceeding is not sufficient to have exhausted his claim as it did not fairly present any constitutional claim to the state court. First, it is phrased solely in terms of a state law claim of breach of contract or, at most, a challenge to the

DOI investigators' failure to contact DOCS as arbitrary and capricious. It does not refer to the Constitution or any cases discussing any constitutional provision; it is not within the "mainstream" of constitutional litigation; and it does not call to mind any constitutional provision. Second, it named only individual investigators within the DOI, not petitioner's custodian or DOCS, as the respondent. Consistent with that, it did not seek petitioner's release from custody; it merely sought to compel cooperation from the three DOI investigators to write a letter and otherwise interface with DOCS to get DOCS to obtain petitioner's release. Third, it was never served. A claim cannot be "fairly presented" to a state court if the petitioner never serves it; presentation necessarily implies notice to an adversary so that the Court may consider the claim. Finally, petitioner never pursued an appeal from the dismissal of his Article 78 petition. Although petitioner filed a motion for leave to appeal, the Appellate Division denied it as "unnecessary" because he had an appeal as of right, and petitioner never perfected that appeal. Even presuming that petitioner sought leave to appeal to the New York Court of Appeals as well, leave could not have been granted because petitioner never perfected his appeal to the Appellate Division, and thus never obtained an Order appealable to the Court of Appeals.

Petitioner's Article 70 proceeding cured some of these problems, but petitioner never exercised his appeal as of right to the Appellate Division. He therefore failed to exhaust by not seeking to assert his claim to the "highest state court from which a decision can be had." Daye, 696 F.2d at 190 n.3. Accordingly, his claims are unexhausted.

## II. Procedural Bar

Although petitioner's claim is unexhausted, there is no point in staying this petition pending exhaustion because his claim is also procedurally barred.

5

In dismissing petitioner's Article 70 proceeding, the state court relied on two independent and adequate state law procedural grounds. First, it held that restoration of good-time credit could only be sought in an Article 78 proceeding, not an Article 70 proceeding. The state courts hold that a prisoner's incarceration is not "unlawful," and thus does not qualify for habeas corpus relief, unless and until the withheld good time is restored, which can only be obtained through Article 78. Only if release is denied after restoration of good time through an Article 78 proceeding will an Article 70 proceeding lie. See People ex rel. Emm v. Hollins, 299 A.D.2d 850, 850, 750 N.Y.S.2d 251, 252 (4th Dep't 2002); Doolen v. Goord, 277 A.D.2d 624, 718 N.Y.S.2d 221 (3d Dep't 2000); People ex rel. Miranda v. Kuhlman, 127 A.D.2d 924, 925, 511 N.Y.S.2d 981, 982 (3d Dep't 1987), leave to app. den., 69 N.Y.2d 612, 517 N.Y.S.2d 1027 (1987); Midgley v. Smith, 63 A.D.2d 223, 227-28, 407 N.Y.S.2d 283, 286-87 (4th Dep't 1978). Although petitioner's confusion is understandable, since federal law recognizes habeas corpus when the restoration of good time would result in a prisoner's immediate release, Preiser v. Rodriguez, 411 U.S. 475, 482, 487-88, 93 S.Ct. 1827, 1832, 1835 (1973), and he cited federal habeas cases regarding loss of good time to the state court in support of his Article 70 petition, the state court properly rejected his claim under state procedural law.

Petitioner's more fundamental problem, however, was that he filed his Article 70 too late. It seems clear from the language of the state court's dismissal of his proceeding, and it is often the case when a prisoner mistakenly files an Article 70 when he should have filed an Article 78, that the Article 70 court will convert the proceeding to an Article 78 to consider the merits of the loss of good time. See Hawkins v. Scully, 151 A.D.2d 527, 528, 542 N.Y.S.2d 664, 665 (2d Dep't 1989); Miranda, 511 N.Y.S.2d at 982. Here, however, it seems likely that petitioner thought that he had one year to file his Article 70 (which should have been an Article 78); the

denial of his good time was on August 23, 2005, and he filed his Article 70 proceeding one week before the expiration of one year, on August 16, 2006. But he was wrong. The state courts strictly and regularly apply the four-month limitation provision of Article 78 to proceedings seeking restoration of good time. See, e.g., Warburton v. Department of Correctional Services, 254 A.D.2d 659, 660, 680 N.Y.S.2d 26, 27 (3d Dep't 1998); Miranda, 511 N.Y.S.2d at 982. He could not avoid that by mislabeling his proceeding as an Article 70.

Petitioner could avoid the procedural bar only upon a demonstration of cause or actual prejudice. He has not attempted to show either. Moreover, any confusion he had over the application of the four month statute of limitations is insufficient. See McKleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454 (1991).

Accordingly, his claim before me is procedurally barred.

### III. Timeliness

Finally, petitioner's claim was not filed within the one-year time limit imposed by AEDPA, 28 U.S.C. § 2244(d)(1). He had until December 23, 2005 under state law to challenge DOCS' withholding of his good conduct credit in state court. The Supreme Court has held that when the state court proceeding is barred by the statute of limitations at the time it is brought, a toll will not be recognized. Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005). This means that petitioner's Article 70 proceeding, which the state court dismissed specifically on statute of limitations grounds, did not serve to toll the one-year period. Because he filed the instant proceeding on January 18, 2007, more than one year had elapsed from the time of the state decision that he is challenging.[2]

---

[2] Arguably, since Article 78 was the proper vehicle in which to challenge the withholding of state time, petitioner's first proceeding, an Article 78, might have tolled the one-year period, even though it was untimely under state law,

7

## CONCLUSION

The petition is DISMISSED. Because there is no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum Decision and Order to petitioner *pro se*.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
October 4, 2007

---

because the state court dismissed it on grounds other than statute of limitations. However, for the same reasons that disqualify that proceeding for exhaustion purposes, it should not be considered in determining the existence of a toll. Specifically, it did not seek relief against his custodian or DOCS, but only against the DOI investigators with whom petitioner had allegedly dealt. It did not raise the constitutional claim that petitioner seeks to raise here, but only state law claims. It was beyond the statute of limitations, even though the state court did not reach that ground in dismissing it. Finally, it was never served. Under these circumstances, the Article 78 proceeding was not "properly filed" and does not toll the one-year period.